[633]    THE PEOPLE, *ex rel.* Davis, *vs.* MONTGOMERY COMMON PLEAS.

Where a *fieri facias* was issued with a wrong *teste*, and a levy made under it, and then a levy was had under another execution at the suit of another plaintiff, after which the attorney who issued the first execution corrected the mistake *without obtaining a rule for that purpose*, and the court of common pleas, from which the first execution issued, set it aside, and refused to amend it: this court denied a *mandamus* directing a vacatur of the rule, and an amendment of the execution.

MOTION for mandamus. In June, 1836, two writs of *fi. fa.* were issued on two several judgments, in the common pleas of Montgomery, against J. S. Davis, one in favor of T. and the other of J. Davis, and levied on the goods of the defendant. By mistake, the year of the teste was 1826 instead of 1836. A *fi. fa.* from the supreme court was immediately afterwards issued in favor of H. Chapman against J. S. Davis, and also levied. The attorney for T. and J. Davis discovering the mistake, *after the levy*, corrected the teste of the executions which issued from the common pleas. Chapman moved the common pleas to set them aside, and the plaintiffs moved to amend. The common pleas denied an amendment, on the ground that the attorney had illegally made the correction, and set aside the executions.

*S. Stevens* now moved for a mandamus commanding the common pleas to grant the amendment.

*M. T. Reynolds*, contra, cited 2 R. S. 425, § 9; 19 *Johns. R.* 107; and 1 *Cowen*, 41.

*By the Court*, COWEN, J. It is supposed that the improper conduct of the attorney in amending the writs of *fi. fa.*, without first obtaining a rule for that purpose, rendered the process merely void; or at least, justified the court below in denying the benefit of an amendment in their discretion, as a discouragement to such an unwarrantable interference with their process.

A wrong teste inserted in an *execution* by mistake is always amendable [634] by rule; but without such rule, no process, pleading, or record can be amended. (2 *R. S.* 425, § 9.) The rules of practice are still more comprehensive than the statute, and extend to nearly all the proceedings of the court. Before it is at all acted upon by the officer, process may be altered until it is made correct, though it cannot be altered and used as new process without a new seal, as that would be a fraud on the clerk's office. (*Filkins* v. *Brockway*, 19 *Johns. R.* 170. *The People* v. *Singer*, 1 *Cowen*, 41.) In England they allow a writ before it is executed to be resealed and made returnable at another day, provided it be a day at which it might have been returnable when it issued. Even this restriction seems to have reference to the stamp duty. (*Durdon* v. *Hammond*, 2 *Dowl. & Ryl.* 211; 1 *Barn. & Cres.* 111, *S. C.*) It does not become the exclusive process of the court, so that the party may not control or alter it at pleasure if he defraud nobody, until it is used; as by an arrest or levy, according to its nature. (*Id.*) But, after that, it cannot be altered in any way except by rule. Other persons have then acquired an interest in its preservation, according to its original form. Then the party must come to the court, where it is a matter of course to amend on showing an honest mistake. It never was refused as between the parties to final process.

But the court have a right to demand that the mistake should be honest. (*See Johnson* v. *Clark*, 6 *Wendell*, 517.) Where the attorney has gone and wilfully destroyed the effect of the process by an alteration, I am not aware that all discretion is to be withheld in granting or refusing the amendment, so much so as to call for a writ of mandamus. Besides, the right of Chapman had intervened under his levy upon an execution from this court. Lord Ellenborough, C. J., in *Hunt* v. *Pasman*, (4 *Maule & Sel.* 329,) remarked, that he was not aware of any case in which the court had allowed the amendment of a *fi. fa.* where the rights of third persons were to be prejudiced. It is not necessary to go so far; but here an alteration which the court below had a right to consider a fraudulent violation of their rules, a fraud upon the statute and the rights of Chapman, [635] had been made. They had the power to pronounce upon such a case, that the alteration was made with a knowledge that it was contrary to the rules of the court. It would be going farther than we yet have done, to say that a party may knowingly issue process which is void, or knowingly avoid it by alteration, and yet call on the court at all events to make it right. Looking at the manner and motive of the alteration with the rights which Chapman had acquired, the case was so far open to exercise of discretion in the common pleas, that I do not think it a proper one for a mandamus.

It was said that the rights of the clients, the Davises, ought not to be impaired by the act of the attorney. Such a principle would be an answer to every motion to set aside proceedings for irregularity. The act of the attorney in the conduct of a cause, is the act of the client. The effect of the alteration, that being wilful, was to destroy the effect of the process. It was no longer a protection to the attorney. It could not be restored for the purpose of protecting him by parol evidence, as if it had been lost or accidentally altered, or the teste had been changed by some third person; and the clients must be holden to that consequence as parties. Motion denied, with costs.